UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASON D. CUNNINGHAM, | CASE NO. 1:15-cv-01362-AWI-MJS (PC) |
| Plaintiff, | **ORDER DISMISSING COMPLAINT** |
| v. | **(ECF NO. 1)** |
| NORM KRAMER, et al., | **AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |
| Defendants. | |

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff's complaint is before the Court for screening.

## I.    SCREENING REQUIREMENT

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.    PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94

1    (1989).

2        To state a claim under § 1983, a plaintiff must allege two essential elements:

3    (1) that a right secured by the Constitution or laws of the United States was violated and

4    (2) that the alleged violation was committed by a person acting under the color of state

5    law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d

6    1243, 1245 (9th Cir. 1987).

7        A complaint must contain "a short and plain statement of the claim showing that

8    the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

9    are not required, but "[t]hreadbare recitals of the elements of a cause of action,

10   supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.

11   662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

12   Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief

13   that is plausible on its face." Id. Facial plausibility demands more than the mere

14   possibility that a defendant committed misconduct and, while factual allegations are

15   accepted as true, legal conclusions are not. Id. at 677-78.

16   **III.    PLAINTIFF'S ALLEGATIONS**

17       The acts giving rise to this action occurred at Coalinga State Hospital ("CSH") in

18   Coalinga, California, where Plaintiff is presently housed. Plaintiff names as Defendants:

19   (1) Norm Kramer, ex-Director of CSH; (2) Pam Ahlin, ex-Director of CSH; (3) Stephen

20   Mayberg, ex-Executive Director of California Department of State Hospitals ("CDSH");

21   (4) Cliff Allenby, ex-Executive Director of CDSH; (5) Jerry Brown, Governor of California;

22   and (6) the Fresno County Board of Supervisors. These Defendants are sued in their

23   individual and official capacities.

24       Plaintiff's allegations may be summarized essentially as follows.

25       Plaintiff, an African American civil detainee, has resided at CSH since 2010.

26   During his confinement, Plaintiff was exposed to Valley Fever in an environment unfit for

27   habitation. Defendants acted negligently and with deliberate indifference to inmates'

28

                                        2

health by building the institution in an area known to contain high levels of the coccidioidomycosis spores, which can cause illness, paralysis, and sometimes death. Defendants were aware of the dangers of Valley Fever in light of the scientific evidence available to them.

Plaintiff was never provided protective medical health services or protection by any of the Defendants. Defendants failed to provide adequate ventilation or fresh air to minimize exposure to Valley Fever. Plaintiff, who is at a greater risk for contracting the disease because of his ethnicity, did in fact contract the disease.

Plaintiff accuses the Defendants of negligence, failure to protect facility equipment and personnel, abuse of dependent adult, and deliberate indifference. Plaintiff seeks damages, declaratory relief, and unspecified injunctive relief.

## IV.   ANALYSIS

As discussed more fully below, Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim. Plaintiff will be given leave to amend his complaint. To assist Plaintiff in amending his complaint, the Court provides the following pleading and legal standards that apply to his claims.

### A.   Eleventh Amendment Immunity

"The Eleventh Amendment bars suits for money damages in federal court against a state [and] its agencies . . . ." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Even where the state is not named in the action, if the state is the real, substantial party in interest it is entitled to invoke Eleventh Amendment immunity. Edelman v. Jordan, 415 U.S. 651, 663 (1974). The Eleventh Amendment does not immunize the State from suits seeking prospective injunctive relief. Jackson v. Hayakawa, 682 F.2d 1344, 1351 (9th Cir. 1982). Nor does the Eleventh Amendment bar suits seeking damages from public officials acting in their personal capacities. Hafer v. Melo, 502 U.S. 21, 30 (1991). "Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law." Hafer, 502

1    U.S. at 25. In this action, Plaintiff is suing all of the Defendants in their official and

2    individual capacities. Insofar as Plaintiff seeks monetary relief from the Defendants in

3    their official capacities, he is barred by the Eleventh Amendment.

4        **B.    Linkage**

5        Section 1983 provides a cause of action for the violation of Plaintiff's constitutional

6    or other federal rights by persons acting under color of state law. Nurre v. Whitehead,

7    580 F.3d 1087, 1092 (9th Cir. 2009); Long v. County of Los Angeles, 442 F.3d 1178,

8    1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a

9    claim, Plaintiffs must demonstrate that each defendant personally participated in the

10   deprivation of his rights. Iqbal, 556 U.S. at 677; Simmons v. Navajo County, Ariz., 609

11   F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th

12   Cir. 2009); Jones, 297 F.3d at 934. Plaintiff's complaint does not include any charging

13   allegations specific to any of the Defendants. Rather, he lumps all of the Defendants

14   together. It is unclear then how and to what extent each named Defendant personally

15   participated in the deprivation of Plaintiff's rights.

16       To the extent that Plaintiff alleges liability under § 1983 based on Defendants'

17   roles as supervisory officials, the Supreme Court has emphasized that the term

18   "supervisory liability," loosely and commonly used by both courts and litigants alike, is a

19   misnomer. Iqbal, 556 U.S. at 677. "Government officials may not be held liable for the

20   unconstitutional conduct of their subordinates under a theory of respondeat superior." Id.

21   at 676. Rather, each government official, regardless of his or her title, is only liable for

22   his or her own misconduct. Id. at 677. Accordingly, Plaintiff fails to state a claim against

23   any of the Defendants in their supervisory capacities.

24       **C.    Eighth Amendment Conditions of Confinement**

25       The Eighth Amendment protects prisoners from inhumane conditions of

26   confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme

27   deprivations are required to make out a conditions of confinement claim, and only those

28

                                               4

deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for a violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. Farmer v. Brennan, 511 U.S. 825, 847 (1994).

A prisoner "may state a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to [environmental conditions] that pose an unreasonable risk of serious damage to his future health." Helling v. McKinney, 509 U.S. 25, 35 (1993). The Courts of this district have repeatedly found that confinement in a location where Valley Fever is prevalent, in and of itself, fails to satisfy the first element of an Eighth Amendment claim, i.e. that the condition poses an excessive risk of harm. See, e.g., Smith v. Yates, 2012 WL 1498891, *2 (E.D. Cal. Apr. 27, 2012) (citing King v. Avenal State Prison, 2009 WL 546212, *4 (E.D. Cal. Mar. 4, 2009) ("[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined in a location where Valley Fever spores existed which caused him to contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health."); see also Gilbert v. Yates, 2010 WL 5113116, *3 (E.D. Cal. Dec. 9, 2010); Willis v. Yates, 2009 WL 3486674, *3 (E.D. Cal. Oct. 23, 2009).

However, courts have deemed the first prong of an Eighth Amendment claim satisfied where the plaintiff has identified a factor responsible for either increasing the risk of contraction or the severity of infection. See, e.g., Stevens v. Yates, 2012 WL 2520464, *3 (E.D. Cal. June 28, 2012) (nearby construction disturbed soil); Owens v. Trimble, 2012 WL 1910102, *2 (E.D. Cal. May 25, 2012) (asthma); Thurston v. Schwarzenegger, 2008 WL 2129767, *2 (E.D. Cal. May 21, 2008) (various medical conditions, including asthma, and race); see also Plata v. Brown, 2013 WL 3200587, at

1   *7 n.10, *14 (N.D. Cal. June 24, 2013) (finding that the following groups are at an

2   increased risk of harm from Valley Fever infection and should therefore be excluded

3   from Pleasant Valley State Prison and Avenal State Prison: inmates designated as

4   medically high-risk; "[p]atients with impaired cellular immunity, such as those with solid

5   organ transplants, those with HIV infection, and those with chronic obstructive pulmonary

6   disease, chronic renal failure, congestive heart failure, diabetes; patients receiving TNF

7   inhibitors (medications used in the treatment of arthritis); Filipino and African-American

8   men; and pregnant women in the 2nd or 3rd trimester.").

9       In this case, Plaintiff identifies his ethnicity as a factor contributing to his

10  contraction of Valley Fever or increasing the severity of his condition.[1] Even treating this

11  first factor as having been met, Plaintiff has not alleged facts sufficient to demonstrate

12  that a particular Defendant exhibited deliberate indifference to a substantial risk of

13  serious harm to him.

14      "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d

15  1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be

16  aware of facts from which the inference could be drawn that a substantial risk of serious

17  _____

18  [1] Courts in this district do not always agree whether the mere assertion of an inmate's ethnicity increases
    the risk of contracting Valley Fever and developing the illness states an Eighth Amendment claim.

19  Compare, e.g., Smith v. Brown, No. 1:12-cv-238-AWI-JLT (PC), 2012 WL 1574651, at *3-4 (E.D. Cal. May
    3, 2012) (holding that African-American plaintiff's allegations that (1) he was exposed to Valley Fever while

20  incarcerated at PVSP, a "hyperendemic area" experiencing an "outbreak of illness"; (2) African-Americans
    are more susceptible to Valley Fever; and (3) the defendants knew of Valley Fever risks but failed to act
    were insufficient to state Eighth Amendment claim because the defendants could not "be held liable for

21  housing Plaintiff in an area where there is a potential to be exposed to Valley Fever spores"); Clark v.
    Igbinosa, No. 1:10-cv-1336-DLB PC, 2011 WL 1043868, at *2 (E.D. Cal. Mar. 21, 2011) (holding that the

22  African-American plaintiff's allegations that (1) African-Americans are the highest risk group for
    disseminated Valley Fever and (2) being housed at PVSP did not state Eighth Amendment claim because

23  "[g]oing to an area which contains valley fever and contracting valley fever are not sufficient to state an
    Eighth Amendment claim"); James v. Yates, No. 1:08-cv-1706-DLB (PC), 2010 WL 2465407, at *3-4 (E.D.
    Cal. June 15, 2010) (same); Moreno v. Yates, No. 1:07-cv-1404-DGC, ECF No. 1 at 9-10, 2010 WL

24  1223131, at *2 (E.D. Cal. Mar. 24, 2010) (granting summary judgment against plaintiff-inmate who
    contracted Valley Fever at PVSP and who alleged certain racial groups are more susceptible to

25  developing disseminating Valley Fever because "society plainly tolerates the health risks" posed by Valley
    Fever at PVSP); King v. Avenal State Prison, No. 1:07-cv-1283-AWI-GSA (PC), 2009 WL 546212, at *4

26  (E.D. Cal. Mar. 4, 2009) ("[N]o courts have held that exposure to Valley Fever spores presents an
    excessive risk to inmate health") with, e.g., Chaney v. Beard, No. 1:14-cv-369-MJS, 2014 WL 2957469, at

27  *3 (E.D. Cal. June 30, 2014) ("Plaintiff alleges that he is an African American male and is therefore at an
    increased risk of harm from Valley Fever. This is sufficient to satisfy the first element of Plaintiff's Eighth

28  Amendment claim.").

harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). As discussed above, Plaintiff has lumped all of the Defendants together. By doing so, he has failed to demonstrate that any particular Defendant acted with deliberate indifference. Plaintiff will be given leave to cure this deficiency.

### D.   The Americans with Disabilities Act

Plaintiff makes multiple passing references to the Americans with Disabilities Act ("ADA"). Title II of the ADA "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S. Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052.

The basis of Plaintiff's ADA claim is not entirely clear. He alleges that the ADA was violated when he was housed in an area where Valley Fever was prevalent, preventing him from participating in normal, everyday activities outside of the hospital. These vague allegations are not sufficient to state a claim under the ADA. Plaintiff has not alleged that he is a qualified individual with a disability under the ADA, or that he was

1  improperly excluded from participation in, and denied the benefits of, a prison service,
2  program, or activity on the basis of his physical handicap. Therefore, Plaintiff fails to
3  state a claim under the ADA.

4        **E.**     **State Law Claims**

5        Plaintiff alleges that Defendants acted negligently, failed to provide adequate
6  facility and personnel, and acted in violation of the California Disabled Person's Act and
7  the California Dependent Adult Act. State tort law, such as negligence, negligent failure
8  to train and supervise, or violation of other state law, is not sufficient to state a claim for
9  relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal
10 constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976). Although the
11 court may exercise supplemental jurisdiction over state law claims, Plaintiff must first
12 have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. In this
13 instance, the Court fails to find any cognizable federal claims. Therefore, Plaintiff's
14 claims based on state laws fail.

15 **V.**     **CONCLUSION AND ORDER**

16       Plaintiff's complaint does not state a claim for relief. The Court will grant Plaintiff
17 an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49
18 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts
19 resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff
20 must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"
21 Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate
22 that each named Defendant personally participated in a deprivation of his rights. Jones
23 v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

24       Plaintiff should note that although he has been given the opportunity to amend, it
25 is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th
26 Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on
27 curing the deficiencies set forth above.

28

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1.  The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his complaint, filed September 4, 2015;

2.  Plaintiff's complaint (ECF No. 1) is dismissed for failure to state a claim upon which relief may be granted;

3.  Plaintiff shall file an amended complaint within thirty (30) days; and

4.  If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   November 24, 2015        /s/ Michael J. Seng
                                   UNITED STATES MAGISTRATE JUDGE

9