1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CASON D. CUNNINGHAM,

           Plaintiff,

     v.

NORM KRAMER, et al.,

           Defendants.

CASE NO. 1:15-cv-01362-AWI-MJS (PC)

**ORDER DENYING MOTION FOR RECONSIDERATION**

**ORDER DIRECTING CLERK TO CORRECT DOCKET**

**(ECF No. 10)**

**AMENDED COMPLAINT DUE WITHIN THIRTY DAYS**

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.

Plaintiff's complaint was dismissed for failure to state a claim, but he was given leave to amend. (ECF No. 9.) On December 21, 2015, Plaintiff filed a document purporting to be a first amended complaint. (ECF No. 10.) However, the purported complaint consisted of a form complaint referring the Court to Plaintiff's original complaint. It contained no other allegations and instead presented Plaintiff's objections to the Court's screening order. Accordingly, the Court will construe Plaintiff's submission

as a motion for reconsideration. The Clerk's Office will be directed to correct the docket to reflect that ECF No. 10 is a motion for reconsideration, rather than an amended complaint.

## I.     LEGAL STANDARD

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in earlier litigation." Id. Moreover, "recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (9th Cir. 2001) (quoting Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856-57 (D.N.J. 1992)). Similarly, Local Rule 230(j) requires that a party seeking reconsideration show that "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion . . . ."

## II.     DISCUSSION

Very briefly stated, Plaintiff's complaint alleged that he is at high risk for contracting Valley Fever due to his ethnicity. Defendants were aware of this risk but nonetheless housed him a facility in Coalinga, an area where Valley Fever is endemic. Defendants failed to take any protective measures, and Plaintiff eventually contracted Valley Fever.

The Court concluded that Plaintiff's allegations failed to state a claim on several bases. Primarily, however, the Court concluded that Plaintiff could not state an Eighth Amendment conditions of confinement claim on the basis of having contracted Valley Fever because he had not alleged sufficient facts to show that any particular defendant

was aware of the risk to Plaintiff, but housed or maintained Plaintiff in Coalinga with deliberate indifference to that risk. Plaintiff disagrees with the Court's conclusions.

### A.    Stare Decisis

Plaintiff first argues that the Court failed to follow binding precedent in the form of Samuels v. Ahlin, No. 13-16044, 2014 WL 4100684 (9th Cir. Aug. 21, 2014), and Sullivan v. Kramer, No. 14-15872, 2015 WL 3981873 (9th Cir. July 1, 2015). In both cases, the Ninth Circuit found cognizable claims based on allegations that officials failed to take appropriate measures to protect detainees from Valley Fever.

As an initial matter, Plaintiff is incorrect that Samuels and Sullivan constitute binding precedents. Both decisions are unpublished and therefore not binding pursuant to Ninth Circuit Rule 36-3 ("Unpublished dispositions and orders of this Court are not precedent, except when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion.")

Additionally, judges in this District, including the Honorable Anthony W. Ishii, to whom this matter is assigned, have declined to follow Samuels and Sullivan on other grounds. More specifically, Judge Ishii recently has concluded that allegations such as Plaintiff's, and such as those presented in Samuels and Sullivan, generally fail on qualified immunity grounds. Smith v. State of California, No. 1:13-CV-0869 AWI SKO (PC), 2016 WL 398766 (E.D. Cal. Feb. 2, 2016).

The doctrine of qualified immunity protects government officials from civil liability where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). To determine if an official is entitled to qualified immunity the court uses a two part inquiry. Saucier v. Katz, 533 U.S. 194, 200 (2001). The Court determines if the facts as alleged state a violation of a constitutional right and if the right is clearly established so that a reasonable official would have known that his conduct was unlawful. Saucier, 533 U.S. at 200.

1    The district court is "permitted to exercise [its] sound discretion in deciding which

2    of the two prongs of the qualified immunity analysis should be addressed first in light of

3    the circumstances in the particular case at hand." Pearson, 555 U.S. at 236. The inquiry

4    as to whether the right was clearly established is "solely a question of law for the judge."

5    Dunn v. Castro, 621 F.3d 1196, 1199 (9th Cir. 2010) (quoting Tortu v. Las Vegas Metro.

6    Police Dep't, 556 F.3d 1075, 1085 (9th Cir. 2009)). In deciding whether officials are

7    entitled to qualified immunity, the court is to view the evidence in the light most favorable

8    to the plaintiff and resolve all material disputes in the favor of the plaintiff. Martinez v.

9    Stanford, 323 F.3d 1178, 1184 (9th Cir. 2003).

10    Defendants cannot be held liable for a violation of a right that is not clearly

11    established at the time the violation occurred. Brown v. Oregon Dep't of Corrections,

12    751 F.3d 983, 990 (9th Cir. 2014). It is the Plaintiff who bears the burden of

13    demonstrating that the right was clearly established at the time that the defendants

14    acted. May v. Baldwin, 109 F.3d 557, 561 (9th Cir. 1997). A constitutional right is clearly

15    established when its contours are "sufficiently clear [so] that a reasonable official would

16    understand that what he is doing violates that right." Hope v. Pelzer, 536 U.S. 730, 739

17    (2002). The court is to look to the state of the law at the time the defendants acted to see

18    if it gave fair warning that the alleged conduct was unconstitutional.  Hope, 536 U.S. at

19    741. The unlawfulness of the official's act must be apparent in light of the preexisting

20    law. Id, at 739. The Supreme Court has emphasized that it is often difficult for an official

21    to determine how relevant legal doctrine will apply to the specific situation that is faced

22    and that is why qualified immunity protects "all but the plainly incompetent or those who

23    knowingly violate the law[.]" Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1049 (9th

24    Cir. 2002).

25    The Supreme Court has repeatedly reminded us that we are not to define "clearly

26    established" at a high level of generality. Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2084

27    (2011). The qualified immunity inquiry is to be taken in light of the specific context of the

28

case, not as a broad general proposition, Brosseau v. Haugen, 543 U.S. 194, 198 (2004), but "must be defined at the appropriate level of specificity[,]" Wilson v. Layne, 526 U.S. 603, 615 (1999).

Qualified immunity shields an official from personal liability where he reasonably believes that his conduct complies with the law. Pearson, 555 U.S. at 244. "'Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments,' and 'protects all but the plainly incompetent or those who knowingly violate the law.'" Stanton v. Sims, 134 S. Ct. 3, 5 (2013) (citations omitted). In determining whether the defendant is entitled to qualified immunity, the court is to determine if "a reasonable officer would have had fair notice that [the action] was unlawful, and that any mistake to the contrary would have been unreasonable." Chappell v. Mandeville, 706 F.3d 1052, 1056-57 (9th Cir. 2013) (quoting Drummond ex rel. Drummond v. City of Anaheim, 343 F.3d 1052, 1060-61 (9th Cir. 2003)).

In determining if the law is clearly established, the Court first looks to binding precedent. Chappell, 706 F.3d at 1056. If there is none on point, the Court will then look to other decisional law, including the law of other circuits and district courts. Id. at 1056; Osolinski v. Kane, 92 F.3d 934, 936 (9th Cir. 1996). The Court finds no Supreme Court or published Ninth Circuit case determining whether an inmate's environmental exposure to Valley Fever or other environmental organism would be a violation of the Eighth Amendment.

Turning to other decisional law, the Court is guided by the reasoning and holding of a recent case issued out of this district, Jackson v. Brown ("Jackson I"), No. 1:13-cv-01055-LJO-SAB, ___ F. Supp. 3d ____, 2015 WL 5732826 (E.D. Cal. Sept. 17, 2015), modified by Jackson v. Brown ("Jackson II"), ___ F. Supp. 3d ____, 2015 WL 5732826 (E.D. Cal. Sept. 28, 2015). There, the Honorable Lawrence J. O'Neill held that, under circumstances substantially identical to those asserted here, Defendants are entitled to qualified immunity on the ground that law was not "clearly established" that inmates have

a constitution right to not be housed in facilities located in areas hyper endemic for contraction of Valley Fever.

In <u>Jackson I</u>, the plaintiffs brought a class action[1] consisting of current and former prisoners who contracted Valley Fever while incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California, and Avenal State Prison ("ASP") in Avenal, California, both of which, like CSH, are located in the San Joaquin Valley. The plaintiffs named as Defendants Governor Brown; Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation ("CDCR") from 2008 to 2012; Jeffrey Beard, the current Secretary of CDCR; P.D. Brazelton, the warden of PVSP; and James Hartley, the warden of ASP. Plaintiffs claimed (1) violations of the Eighth Amendment; (2) deprivation of equal protection; (3) racial discrimination; and (4) negligence. As to their Eighth Amendment claim, Plaintiffs claimed that Defendants exposed them to a substantial risk of serious harm with deliberate indifference by (1) incarcerating them at PVSP and ASP, both of which are in areas that are hyperendemic for Valley Fever, and (2) knowingly refusing to take reasonable measures to (a) abate the level of risk posed by Valley Fever at the prisons and (b) protect Plaintiffs from that risk.

Defendants moved for judgment on the pleadings, arguing, inter alia, that they are entitled to qualified immunity on Plaintiffs' Eighth Amendment claim. In considering Defendants' motion, Judge O'Neill first turned to defining the constitutional right at issue. <u>Jackson I</u>, 2015 WL 5522088, at *16. Acknowledging that the right can be framed in multiple ways, the court explicitly rejected both the Defendants' framing of it ("the right to

---

[1] Per the operative pleading in that case, proposed subclass 1 is composed of "[a]ll African-Americans who are, or were, incarcerated at [Pleasant Valley State Prison ("PVSP") ] or [Avenal State Prison ("ASP")], at any time from July 8, 2009 to the present, and who have contracted Disseminated Valley Fever ... during, and as a result of, their incarceration at PVSP or ASP." Sec. Am. Compl. ¶ 20 Proposed subclass 2 is "[a]ll persons over the age of 55 who are or were incarcerated at PVSP or ASP, at any time from July 8, 2009 to the present, and who had contracted Disseminated Valley Fever during, and as a result of, their incarceration at PVSP or ASP." <u>Id.</u> Proposed subclass 3 is "[a]ll persons who have been determined by the [California Department of Corrections & Rehabilitation ('CDCR') ] to be in an immune-compromised state and who are, or were, incarcerated at PVSP or ASP, at any time from July 8, 009 to the present, and who have contracted Disseminated Valley Fever during, and as a result of, their incarceration at PVSP or ASP." <u>Id.</u>

1    be entirely free from the risk of exposure to [Valley Fever spores]," id.) and the Plaintiffs'

2    framing (the right to be free from incarceration in an area with "colossally elevated risks

3    of contracting Valley Fever" that is far greater than elsewhere in California, id.). The

4    court then considered how the constitutional right was framed in other conditions of

5    confinement cases involving exposure to second-hand smoke, asbestos, inadequate

6    ventilation, inadequate drinking water, and excessive heat.  See id. at **17-23. Due to

7    the interrelatedness of multiple case-specific factors, the court concluded that "Whether

8    an inmate's complained-of exposure to cocci violates the Eighth Amendment … requires

9    an assessment of (1) the level of exposure; (2) the health risks presented by that

10   exposure; (3) whether that exposure is a risk society is willing to tolerate; (4) whether the

11   appropriate prison officials know of and understand the health risks posed by that

12   exposure; and (5) the reasonableness of the prison officials' response to those risks, if

13   any." Id. at * 23.

14       Ultimately, however, Judge O'Neill decided that he need not determine the full

15   contours of the Eighth Amendment in the Valley Fever context because "[the] varying

16   iterations of the constitutional right at issue in this case are distinctions without any

17   practical difference." Jackson II, 2015 WL 5732826, at * 1. This was because, "under *any*

18   definition of the constitutional right at issue in this case, the substantial and unsettled

19   case law concerning Valley Fever within this district establishes that Defendants are

20   entitled to qualified immunity on Plaintiffs' Eighth Amendment claim." Id. (emphasis in

21   original).

22       Turning to the unsettled case law in Valley Fever cases, Judge O'Neill observed

23   that, "whether the Court looks only to the state of the law as it existed in July 2009 or as

24   it exists today, the Court would still conclude that the right at issue was not clearly

25   established." Jackson I, 2015 WL 5522088, at * 24. Jones v. Hartley, Case No. 1:13-cv-

26   01590-AWI-GSA, 2015 WL 1276708 (E.D. Cal. Mar. 19, 2015). As has been noted often,

27   there remain differences of opinion as to whether the allegation of increasing risk of

28

1   contracting Valley Fever is sufficient to state an Eighth Amendment claim. See Smith,

2   2016 WL 398766. In Gregge v. Kate, 2015 WL 2448679, at *10 (E.D. Cal. May 20,

3   2015), the court collected multiple cases demonstrating just how unsettled the law was:

> Courts within this district have differed on whether an inmate who is subject to a risk factor can state a claim for deliberate indifference. See Smith v. Brown, No. 1:12–cv–0238–AWI–JLT (PC), 2012 WL 1999858, at *4 (E.D. Cal. June 4, 2012) (allegation of increased risk of Valley Fever due to asthma insufficient to state a claim); Jones v. Igbinosa, No., at *3–4 (E.D. Cal. July 19, 2010) (allegation that African–American inmate at greater risk of contracting Valley Fever is insufficient to state a claim); Gilbert v. Yates, No. 1:09CV02050 AWI DLB, 2010 WL 5113116, at *4 (E.D. Cal. Dec. 9, 2010) subsequently aff'd, 479 F. App'x 93 (9th Cir. 2012) (inmate alleging risk factors for Valley Fever did not state a claim for deliberate indifference for failure to transfer him from PVSP); Hunter v. Yates, No. 1:07–cv–00151–AWI–SMS–PC, 2009 WL 233791, at *3 (E.D. Cal. January 30, 2009) (inmate alleging high risk of contracting Valley Fever states a claim under the low pleading standard); Humphrey v. Yates, No. 1:09–cv–00075–LJO–DLB (PC), 2009 WL 3620556, at *3 (E.D. Cal. October 28, 2009) (finding allegation that inmate caught Valley Fever twice due to preexisting respiratory conditions is sufficient to state a claim); Barnhardt v. Tilton, No. 1:07–cv–00539–LJO–DLB (PC), 2009 WL 56004, at *4 (E.D. Cal. January 7, 2009) (inmate's allegation that his diabetes placed him at increased risk of contracting Valley Fever is insufficient to show a serious risk of harm to inmate's health).
>
> More recent cases have found that an inmate claiming to be at an increased risk of contracting Valley Fever could state an Eighth Amendment claim. See Lua v. Smith, No. 1:14–cv–00019–LJO–MJS, 2014 WL 1308605, at *2 (E.D. Cal. Mar. 31, 2014) (first prong of deliberate indifference claim is satisfied where plaintiff identifies a factor responsible for increasing the risk of contraction or severity of infection); Sparkman v. California Dep't of Corrections and Rehabilitation, No. 1:12–cv–01444–AWI–MJS (PC), 2013 WL 1326218, at *3 (E.D. Cal. March 29, 2013) (inmate with chronic lung disease meets first prong of Eighth Amendment standard); Holley v. Scott, No. 1:12–cv–01090–MJS (PC), 2013 WL 3992129, at *3 (E.D. Cal. Aug. 1, 2013) (collecting cases). But many courts have found that the allegation of increased risk of contracting Valley Fever is insufficient to

8

state a claim for violation of the Eighth Amendment. <u>Smith v. Brown</u>, No. 1:12–cv–0238–AWI–JLT (PC), 2012 WL 1574651, at *4 (May 3, 2012) (allegation that inmate was African-American is insufficient to state a claim); <u>Harvey v. Gonzalez</u>, No. CV 10–4803–VAP (SP), 2011 WL 4625710, at *3 (C.D. Cal. July 27, 2011) (even if inmate alleged that he was at high risk of contracting Valley Fever and defendants were aware of his risk that would be insufficient to state a claim for violation of the Eighth Amendment); <u>Clark v. Igbinosa</u>, No. 1:10–cv–01336–DLB PC, 2011 WL 1043868, at *2 (E.D. Cal. March 21, 2011) (allegation that African– American inmate at greater risk of contracting Valley Fever is insufficient to state a claim); <u>Schroeder v. Yates</u>, No. 1:10– cv–00433–OWW–GSA PC, 2011 WL 23094, at *1, (E.D. Cal. January 4, 2011) (inmate alleging COPD and emphysema fails to state a claim); <u>James v. Yates</u>, No. 1:08–cv–01706– DLB (PC), 2010 WL 2465407, at * 4 (E.D. Cal. June 15, 2010) (allegation of higher risk due to medical conditions is not sufficient to state a claim where prison officials found inmate did not meet criteria for transfer).

Based on this state of the law, Judge O'Neill held that Defendants were entitled to qualified immunity on Plaintiffs' Eighth Amendment claim.

In this case, Defendants similarly would be entitled to qualified immunity on the facts alleged, namely that Defendants built and housed inmates like Plaintiff in a facility located in an area that was hyper-endemic for contraction of Valley Fever. Nonetheless, Plaintiff has been given leave to amend. His amendment, if any, should allege facts (not mere assumption or speculation) reflecting that one or more Defendants were aware that Plaintiff, because of his age, race or other personal characteristic, was at high risk of contracting Valley Fever; that Coalinga State Hospital was constructed, situated and managed so as to expose its inmates to excessively high or dangerous levels of Valley Fever spores, and yet said Defendant(s) ignored that risk to Plaintiff and failed to take steps available to protect from that risk.

## B.    Applicable Legal Standard

Plaintiff also argues that the undersigned applied the wrong legal standard to Plaintiff's claims. Plaintiff's argument has some merit in that the Court erroneously applied the Eighth Amendment deliberate indifference standard to Plaintiff's claims. As a

1 civil detainee, Plaintiff's claim must be analyzed under the Fourteenth Amendment.

2 Youngberg v. Romeo, 457 U.S. 307, 315 (1982). However, such analysis does not alter

3 the Court's conclusion that Plaintiff's allegations fail to state a claim.

4 Under the Fourteenth Amendment, state officials are required to "take steps in

5 accordance with professional standards to prevent harm from occurring," and must not

6 "act (or fail to act) with conscious indifference." Ammons v. Wash. Dep't of Soc. & Health

7 Servs., 648 F.3d 1020, 1029-30 (9th Cir. 2011). In determining whether the constitutional

8 rights of an involuntarily committed individual have been violated, the court must balance

9 the individual's liberty interests against the relevant state interests, with deference shown

10 to the judgment exercised by qualified professionals. Youngberg, 457 U.S. at 320-22.

11 A "decision, if made by a professional, is presumptively valid; liability may be

12 imposed only when the decision by the professional is such a substantial departure from

13 accepted professional judgment, practice, or standards as to demonstrate that the

14 person responsible actually did not base the decision on such a judgment." Id. at 322–

15 23. The professional judgment standard is an objective standard and it equates "to that

16 required in ordinary tort cases for a finding of conscious indifference amounting to gross

17 negligence." Ammons v. Wash. Dep't of Soc. & Health Servs., 648 F.3d 1020, 1029 (9th

18 Cir. 2011) (citations and emphasis omitted).

19 As stated in the Court's screening order, Plaintiff's allegations are general and

20 apply equally to all of the defendants; he does not explain how any individual Defendant

21 violated his constitutional rights. Such general allegations cannot support a finding of

22 conscious indifference or a failure of professional judgment. Plaintiff's allegations

23 therefore fail to state a claim.

## III.    CONCLUSION AND ORDER

24 Plaintiff's objections do not demonstrate that the Court committed clear error. He

25 has failed to present a basis for reconsideration of the screening order. Accordingly, it is

26 HEREBY ORDERED that:

27

28 1.  Plaintiff's motion for reconsideration (ECF No. 10) is DENIED;

1
2

    2.  The Clerk's Office is directed to correct the docket to reflect that ECF No. 10 is a motion for reconsideration, rather than an amended complaint;

3
4
5
6

    3.  Within thirty (30) days from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order and the Court's prior screening order, or a notice of voluntary dismissal; and

7
8
9

    4.  If Plaintiff fails to file an amended complaint or notice of voluntary dismissal, this action will be dismissed, with prejudice, for failure to comply with a court order and failure to state a claim.

10
11

IT IS SO ORDERED.

12
13

Dated:   April 15, 2016            /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11